UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNESTO TORRES, et al.,

                            Plaintiffs,

        -v-                                                CIVIL ACTION NO. 24 Civ. 9304 (SLC)

                                                           **ORDER APPROVING SETTLEMENT**

CITY OF NEW YORK,

                            Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour action under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (Dkt. No. 105), and have now submitted a joint Letter-Motion in support of settlement (Dkt. No. 108; 110 (the "Motion")) and proposed settlement agreement (Dkt. No. 110-1 (the "Agreement")) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).[1]

Plaintiffs are 698 individuals ("Plaintiffs") whom Defendant City of New York (the "City") employed or formerly employed as Sanitation Supervisors and who have filed consents to sue in this action. (Dkt. No. 110-1 ¶ 1.1). Plaintiffs alleged that the City failed to (i) pay them overtime for pre- and post-shift work; (ii) include required differential payments in their overtime rate; (iii) pay overtime for hours worked over 40 per week; and (iv) timely pay overtime wages. (Dkt. Nos. 108 at 1–2; 110-1 ¶ 1.2; see generally Dkt. No. 1). The City denied all liability and asserted

---

[1] This action is consolidated for settlement purposes with the action captioned Mohamed v. City of New York, No. 24 Civ. 6742 (SLC) ("Mohamed"). (Dkt. No. 72). Pursuant to the parties' agreement, we have conducted separate Cheeks reviews in each case. (Dkt. No. 103).

several affirmative defenses.  (Dkt. No. 59).   Nevertheless, the parties conducted limited discovery, including production of payroll and work schedule data, and stipulated to consolidate this action for settlement purposes with Mohamed.  (See n.1, supra; Dkt. Nos. 72; 108 at 2).  On December 1, 2025, the parties participated in an in-person mediation before the undersigned, which ultimately resulted in a settlement.  (Dkt. Nos. 77; 94; 108 at 3; Dkt. entry dated Dec. 1, 2025).

On December 17, 2026, the parties executed the Agreement, which generally provides that the City will pay $7,615,567.00 (the "Settlement Amount") to resolve all of Plaintiffs' FLSA claims, inclusive of back pay, liquidated damages, service awards,[2] attorneys' fees, and litigation expenses, for the period from December 6, 2021 through December 1, 2025.  (Dkt. No. 110-1 ¶ 2.1).  The Settlement Amount represents approximately 43% of Plaintiffs' best-case damages scenario.  (Dkt. Nos. 108 at 5; 108-3 ¶ 8).  No Plaintiff has objected to the Agreement and Plaintiffs' counsel investigated and resolved the "handful of disputes" regarding the allocation of the Settlement Amount among Plaintiffs.  (Dkt. Nos. 108 at 1; 108-3 ¶ 6).

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015).[3]  Having carefully reviewed the Motion, the Agreement, and accompanying exhibits, and having participated in a lengthy conference that led

---

[2] Plaintiffs Marc Hershkovitz and Ernesto Torres Jr. are to receive an award of $3,000.00 each in recognition of their service on behalf of Plaintiffs in this action.  (Dkt. Nos. 108 at 3; 108-3 ¶ 10; 110-1 ¶ 2.1(B) & Ex. A at 21, 28).

[3] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

to the Agreement, the Court finds that all the terms of the Agreement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012).  With respect to the allocation of attorneys' fees — specifically, a 33 1/3% contingency fee of $2,527,881.74 after litigation expenses are deducted from the Settlement Amount (Dkt. No. 108 at 3, 9–14) — the Court has (i) reviewed Plaintiffs' engagement letter with counsel (Dkt. No. 108-3 at 16–18) and determined that there is no indication of any overreaching or deceptive conduct and that the contingency arrangement with Plaintiffs was "fair to [P]laintiff[s] and reasonable at the time it was made," <u>Puerto v. Happy Life Home Health Agency Inc.</u>, 704 F. Supp. 3d 403, 407 (S.D.N.Y. 2023), and (ii) reviewed Plaintiffs' counsel's billing records (Dkt. Nos. 108-3 at 19–21; 108-4 at 14), from which the Court has determined that the hourly rates and hours expended were both reasonable.  See <u>Huggins v. Chestnut Holdings Inc.</u>, No. 18 Civ. 1037 (PAC), 2022 WL 44748, at *3 (S.D.N.Y. Jan. 5, 2022).  Accordingly, the Court approves the Agreement.

This action is dismissed with prejudice and without costs except as may be stated in the Agreement.  The Court retains jurisdiction to enforce the Agreement.  Any pending motions are moot.

The Clerk of Court is respectfully requested to close Dkt. No. 108, mark it as "granted," and close this action.

Dated:       New York, New York
             February 26, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**